JERSEY LAND COMPANY, A CORPORATION, RELATOR, v.
JOHN G. SCOTT, BUILDING INSPECTOR OF THE CITY
OF EAST ORANGE, AND THE CITY OF EAST ORANGE,
RESPONDENTS.

Submitted January 30, 1926—Decided May 15, 1926.

**Zoning—Garage in Restricted Territory—Testimony was Taken
From Which it Appears That the Appellants are Willing to
Agree That the Garage Shall be Used Only for Renting for
the Storage of Private Cars and That the Entrance Shall be
Arranged in a Particular Place—Nature of Factual Situation Debatable, and Peremptory Writ Not Justified but Alternative Writ May Issue.**

On rule to show cause why a writ of *mandamus* should not
issue.

Before Justices TRENCHARD and KATZENBACH.

For the relator, *Leber & Ruback.*

For the respondents, *Walter C. Ellis.*

PER CURIAM.

This is a rule directed to the building inspector of East
Orange and the city of East Orange, requiring them to show
cause why a writ of *mandamus* shall not issue commanding
them "to issue a permit to Jersey Land Company for the erection of a *garage building* upon a plot of land situate in the
city of East Orange" and described in the rule by metes and
bounds, and thereby showing a front upon both Park avenue
and Spring street.

Leave was given in the rule to take testimony, and testimony was taken.

The application for the permit is not printed in the record,
and neither are the plans laid before us. But by the depositions it appears generally that an application and plans were

presented to the inspector, and he refused to issue the permit upon the ground that the property was by ordinance zoned against a *public garage,* and the ordinance returned shows that is so. Certain parts of the testimony tend to show that the garage building proposed was intended to be erected and used as a *public* garage. Relator argues that, in any event, such ordinance provisions are legally ineffective to justify a refusal of the permit. It also argues, and its depositions in certain parts tend to show, that the garage proposed is not a public garage, but a private garage, and private garages under certain conditions named in the ordinance it appears are allowed by the ordinance in the zone in which relator's property lies. Whether the circumstances of the present case are such as to permit the erection of a private garage is uncertain, under the evidence. We have also indicated that it is uncertain, under the evidence, whether the use intended and proposd is for a public garage or a private garage, some of the evidence indicating the former and some the latter. In this connection we are informed by the depositions of one of the relator's witnesses that the application for the permit had a notation that the applicant was willing that the "permit be granted upon condition that there would not be kept, stored or sold in the garage any gasoline or other inflammable substances." At one point in the depositions the relator agrees that it "is willing to accept a building permit for the proposed garage, subject to a further condition that he will not maintain or operate a repair shop in the garage structure, that he will not accommodate any transient patrons, but that the garage will be used exclusively to accommodate pleasure cars privately owned by arrangement with the owners under a monthly tenancy basis," and further agrees "to accept a building permit on condition that the only entrance to and exit from the garage building be from the easterly side of Spring street." In connection with the last mentioned topic it is observed that the general tendency of the depositions is to show that the only entrance and exit was to be on Park avenue.

We have said this much for the purpose of pointing out the uncertain and debatable state of the factual situation, and thereby indicating why we do not think that the relator has made out such a case on the present record as entitles it to a *peremptory* writ of *mandamus;* but we do think that on this rule to show cause sufficient facts appear to justify the issue of an *alternative* writ, which, as a matter of practice, may be demurred to, or the return demurred or pleaded to, and an issue made by which the rights of the parties may be determined, and the decision of this court reviewed, if desired. *Schnitzler* v. *New York Transit Co.,* 76 *N. J. L.* 171.

An alternative writ of *mandamus* will issue.